THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEAN C. DONNELLY, Defendant-Appellant.

Third District    No. 3—01—0336

Opinion filed February 21, 2002.

HOLDRIDGE, J., dissenting.

Ted P. Hammel, of Hammel Law Offices, P.C., of Joliet, and Terrence J. Wallace, of Farano, Wallace & Doherty, of Palos Hills, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Sean C. Donnelly, was arrested for driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 2000)) on January 28, 2001. His driver's license was summarily suspended based on the arrest. The defendant filed a motion to dismiss his summary suspension, which was denied. The defendant appealed. We affirm.

The defendant filed a motion to dismiss his statutory summary

suspension on March 14, 2001, the day before the suspension began. In his motion, the defendant alleged that the police officer's sworn report was defective because it did not indicate the method of service.

A hearing was held on the defendant's motion on March 15, 2001. At the hearing, the defendant presented the sworn report. The report indicated that the defendant was served notice of his summary suspension on January 28, 2001. However, neither the box on the report which indicated the defendant was served with personal notice of the suspension nor the box which indicated that the defendant was served with notice of the suspension by mail was marked.

The State presented the testimony of Illinois State Police Trooper Shrake, the officer who arrested the defendant. The trooper testified that he served the defendant with notice of his summary suspension on the date that he arrested the defendant for driving under the influence. He did not mark either box regarding method of service on the bottom of the sworn report, nor did he ever attempt to amend the report after it was submitted to the Secretary of State's office.

Judge Thomas Dunn found that the officer's sworn report was not defective and dismissed the defendant's motion.

On March 19, 2001, the defendant filed a motion to strike the officer's sworn statement on the grounds that it was not filed in accordance with Supreme Court Rule 137 (155 Ill. 2d R. 137). After hearing the defendant's argument, Judge Raymond Bolden denied the defendant's motion.

The defendant now appeals the dismissal of both his motions.

The defendant first argues that his statutory summary suspension should be dismissed because the police officer's sworn report was defective and this defect deprived the court of jurisdiction over him.

■ Under Illinois law, if a driver is arrested for driving under the influence, his driver's license is summarily suspended. 625 ILCS 5/11—501.1(c) (West 2000). By statute, this suspension begins 46 days after the defendant receives notice that his license will be suspended. 625 ILCS 5/11—501.1(g) (West 2000). When a police officer writes a citation for driving under the influence, he is also required to serve the driver with notice that his license will be summarily suspended. 625 ILCS 5/11—501.1(f) (West 2000). The police officer files a sworn report indicating the defendant's blood-alcohol content with the Secretary of State's office. 625 ILCS 5/11—501.1(d) (West 2000). Once this report is received by the Secretary of State's office, that office confirms the statutory summary suspension by mailing the defendant a notice of the effective date of the suspension. 626 ILCS 5/11—501.1(h) (West 2000). If an officer fails to indicate in the sworn report when the defendant was served with notice of the statutory summary suspension,

the report is defective and the court is deprived of jurisdiction. *People v. Palacios*, 266 Ill. App. 3d 341, 640 N.E.2d 657 (1994).

The defendant, relying on *Palacios*, contends that the sworn report was defective because it did not indicate whether he was served in person or by mail. He argues that this defect deprived the court of jurisdiction and rendered his statutory summary suspension void.

In *Palacios*, the defendant was arrested for driving under the influence. The sworn report completed by the police officer did not indicate either the day that notice was served or how the defendant was served with notice. Nevertheless, the Secretary of State's office, upon receipt of the report, assumed that the defendant was given notice on the arrest date listed on the report. The Secretary of State's office notified the defendant that his license would be suspended. The defendant contested the suspension, arguing that he was not given notice of the summary suspension. The appellate court held that a sworn report that did not indicate when the defendant was served with notice of the statutory summary suspension was defective. *Palacios*, 266 Ill. App. 3d 341, 640 N.E.2d 657. The court concluded that the sworn report did not provide a sufficient basis for summary suspension of the defendant's driving privileges and affirmed the trial court's rescission of the suspension. *Palacios*, 266 Ill. App. 3d 341, 640 N.E.2d 657.

■ The instant case is distinguishable from *Palacios*. Here, unlike *Palacios*, the sworn report indicated that the defendant was served with notice of his statutory summary suspension on January 28, 2001, the date of his arrest. The Secretary of State's office had a sufficient basis for suspending the defendant's driving privileges. Therefore, we agree with the trial court that the sworn report was not defective and the court had jurisdiction over the defendant.

■ The defendant next argues that his suspension should be dismissed because the sworn report did not comply with Supreme Court Rule 137. This rule requires that all pleadings, motions and "other papers" filed in the court be signed by a party or a party's attorney. 155 Ill. 2d R. 137. The State is required to comply with this rule just like any other litigant. 155 Ill. 2d R. 137.

The defendant asserts, citing *Palacios*, that in a statutory summary suspension proceeding, the police officer's sworn report acts like a complaint in a civil case in that it initiates the defendant's driver's license suspension. *Palacios*, 266 Ill. App. 3d 341, 640 N.E.2d 657. The sworn report, he argues, is an "other paper" within the meaning of Supreme Court Rule 137. Since it is the State and not the police officer who is a party to the statutory summary suspension action, the defendant contends that the officer's signature on the report does not meet the requirements of Rule 137. The defendant concludes that the

lack of an attorney's signature requires that the sworn report be stricken.

■ The defendant's argument is not persuasive. The statutory summary suspension of a driver's license is an administrative action taken by the Secretary of State's office to keep dangerous drivers off the roads. *People v. Lent*, 276 Ill. App. 3d 80, 657 N.E.2d 732 (1995). The police officer's sworn report is the action which begins the administrative process of a driver's license suspension. It does not initiate any court proceeding. In fact, it is the defendant's motion to rescind a statutory summary suspension that begins any court proceeding on the matter. We hold that the police officer's sworn report is not a pleading or "other paper" within the meaning of Supreme Court Rule 137. Therefore, the trial court properly dismissed the defendant's motion to strike.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McDADE, J., concurs.

JUSTICE HOLDRIDGE, dissenting;

I would find that the trial court erred in denying the defendant's motion to strike the officer's sworn report pursuant to Supreme Court Rule 137. 155 Ill. 2d R. 137. I therefore respectfully dissent.

On appeal, the defendant relies upon *People v. Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884 (1988), and *People v. Palacios*, 266 Ill. App. 3d 341, 640 N.E.2d 657 (1994), for the proposition that the officer's sworn report in a summary suspension proceeding is analogous to a complaint in an ordinary civil proceeding. The defendant reasons that because the officer is an agent of the State, and the State is represented by an attorney, the sworn report must be signed by an attorney for the State in compliance with Rule 137. I agree.

The court in *Badoud* indicated that in a proceeding to rescind a summary suspension, an officer's sworn report serves a function analogous to a complaint in an ordinary civil proceeding. *Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884. In *Palacios*, this court stated that the officer's sworn report plays a unique role in a summary suspension hearing because, like a complaint in a civil case, it is the jurisdictional step that starts the proceeding. *Palacios*, 266 Ill. App. 3d 341, 640 N.E.2d 657.

In the present case, the officer's sworn statement was the first jurisdictional step in a civil summary suspension proceeding. The of-

ficer was an agent of the State of Illinois, which is represented by the office of the State's Attorney. The officer's sworn statement is a pleading, motion, or other paper of a party represented by the State's Attorney. Therefore, under Rule 137, I would find that this pleading, motion, or other paper must be signed by a State's Attorney or it may be stricken.

I do not believe that requiring the State's Attorney to sign an officer's sworn statement represents an onerous burden on law enforcement officers. Rule 137 already requires the officer to submit a copy of the sworn statement to the circuit court of venue and the Secretary of State. I would hold that the plain language of Rule 137 requires this pleading, motion, or other paper in a civil matter to be signed by the attorney of record, who is the State's Attorney, before being submitted to the circuit court.

I note that Rule 137 also permits the absence of an attorney's signature on a pleading, motion, or other paper to be cured by the prompt signature of the attorney of record as soon as the omission is brought to the attention of that attorney. In this case, I would reverse the denial of the defendant's motion to strike and remand the matter to the circuit court with instructions that the State's Attorney may promptly sign the officer's sworn statement as soon as this omission is brought to the State's Attorney's attention.

For the foregoing reasons, I would reverse the ruling of the Will County circuit court and remand the matter with directions. I therefore dissent.