THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BENJAMIN J. JORDAN, Defendant-Appellee.

Second District   No. 2—01—1180

Opinion filed January 17, 2003.

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

William C. Gracik, of Donahue & Corbett, P.C., of McHenry, for appellee.

JUSTICE KAPALA delivered the opinion of the court:

The State appeals from an order of the circuit court of McHenry County dismissing the statutory summary suspension, pursuant to

section 11—501.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1 (West 2000)), of the driving privileges of defendant, Benjamin J. Jordan. The State contends that the trial court erred in concluding that defendant was entitled to relief because the arresting officer failed to give immediate notice of the suspension. We reverse and remand.

Defendant was arrested for driving under the influence of alcohol, drugs, or intoxicating compounds (DUI) (625 ILCS 5/11—501 (West 2000)) on May 26, 2001, at which time he consented to have blood drawn and tested. On July 23, 2001, the arresting officer submitted a sworn report indicating that testing of defendant's blood disclosed the presence of cannabis, a controlled substance, or an intoxicating compound. The sworn report further indicated that on July 23, 2001, the officer had given notice, by mail, of the statutory summary suspension of defendant's driving privileges. The Secretary of State mailed a notice of confirmation of the statutory summary suspension indicating that it would take effect on September 7, 2001. Defendant filed a petition to rescind the suspension. In addition, he filed a separate motion to "dismiss" the summary suspension due to the arresting officer's failure to give him immediate notice of the summary suspension and the right to a hearing. At the hearing on the motion to dismiss, the arresting officer testified that after defendant's blood was drawn, the sample was sent to the Illinois State Police Crime Laboratory. The officer identified a letter to him from the laboratory dated June 20, 2001, containing the test results. The officer had no knowledge of when the letter was sent and he did not recall when he received it. Finding that there was an unreasonable delay from the time that the blood test results were known until the notice of the statutory summary suspension was mailed to defendant, the trial court granted defendant's motion to dismiss. At that point defendant withdrew his petition to rescind and this appeal followed.

■ Section 11—501.1 of the Vehicle Code (Code) provides in pertinent part:

"(a) Any person who drives or is in actual physical control of a motor vehicle *** shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds or any combination thereof in the person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for [DUI]. ***

* * *

(d) If the person refuses testing or submits to a test that discloses an alcohol concentration of 0.08 or more, or any amount of a drug,

substance, or intoxicating compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act, or an intoxicating compound listed in the Use of Intoxicating Compounds Act, the law enforcement officer shall immediately submit a sworn report to the circuit court of venue and the Secretary of State, certifying that the test or tests was or were requested under paragraph (a) and the person refused to submit to a test or tests, or submitted to testing that disclosed an alcohol concentration of 0.08 or more.

\* \* \*

(f) The law enforcement officer submitting the sworn report under paragraph (d) shall serve immediate notice of the statutory summary suspension on the person and the suspension shall be effective as provided in paragraph (g). In cases where the blood alcohol concentration of 0.08 or greater or any amount of a drug, substance, or compound resulting from the unlawful use or consumption of cannabis \*\*\*, a controlled substance \*\*\*, or an intoxicating compound \*\*\* is established by a subsequent analysis of blood or urine collected at the time of arrest, the arresting officer or arresting agency shall give notice as provided in this Section or by deposit in the United States mail of the notice in an envelope with postage prepaid and addressed to the person at his address as shown on the Uniform Traffic Ticket and the statutory summary suspension shall begin as provided in paragraph (g). \*\*\*

(g) The statutory summary suspension referred to in this Section shall take effect on the 46th day following the date the notice of the statutory summary suspension was given to the person." 625 ILCS 5/11—501.1 (West 2000).

The State argues, *inter alia*, that this provision does not require immediate notice of a statutory summary suspension based on a blood-alcohol concentration established by laboratory testing of blood or urine (as opposed to a breathalyser test that displays results at the time the test is administered). Based on the plain language of the statute, we agree.

■ When interpreting a statute, the court's primary objective is to ascertain and give effect to the intent of the legislature. *Ramos v. City of Peru*, 333 Ill. App. 3d 75, 77 (2002). When determining legislative intent, a court will construe the language of the statute according to its plain and ordinary meaning, and if the statutory language is clear and unambiguous, the statute's plain meaning will be given effect. *Ramos*, 333 Ill. App. 3d at 77-78.

■ The first sentence of section 11—501.1(f) of the Code explicitly requires a law enforcement officer to give "immediate notice" of a

statutory summary suspension. However, the next sentence creates an exception where the blood-alcohol concentration "is established by a subsequent analysis of blood or urine collected at the time of arrest." 625 ILCS 5/11—501.1(f) (West 2000). In that situation, the statute authorizes *alternative* methods of notification: "the arresting officer or arresting agency shall give notice as provided in this Section *or* by deposit in the United States mail." (Emphasis added.) 625 ILCS 5/11—501.1(f) (West 2000). "As used in its ordinary sense, the word 'or' marks an alternative indicating the various members of the sentence which it connects are to be taken separately." *People v. Frieberg*, 147 Ill. 2d 326, 349 (1992).

Here the disjunctive word "or" separates notice "by deposit in the United States mail" from notice "as provided in this Section"; thus, the two methods of notice plainly stand in contradistinction to one another. Notice by United States mail is distinct from notice as otherwise provided in section 11—501.1(f). Therefore, when a law enforcement officer is authorized to give notice by mail, the general requirements of section 11—501.1(f), including the requirement of "immediate notice," do not apply. It is significant that a statutory summary suspension only takes effect on the forty-sixth day after notice is given. 625 ILCS 5/11—501.1(g) (West 2000). Delay in giving notice of a statutory summary suspension defers the effective date of the suspension by an equal interval. We fail to see how such delay visits any hardship on affected motorists: they are simply allowed to stay on the roads longer before the suspension takes effect.

For the foregoing reasons, we reverse the judgment of the circuit court of McHenry County. Because of the disposition below, the trial court never considered defendant's petition to rescind. Accordingly, we remand the cause to the circuit court for further proceedings on that petition.

Reversed and remanded.

HUTCHINSON, P.J., and BYRNE, J., concur.