THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL K. STEDER *et al.*, Defendants-Appellees.

Second District   Nos. 2—93—0824, 2—93—0857, 2—93—1014, 2—93—1387, 2—93—1419, 2—94—0161, 2—94—0268 cons.

Opinion filed December 6, 1994.—Rehearing denied December 20, 1994.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

William J. McGrath, of McGrath & Sandberg, of Wheaton, for appellee Michael K. Steder.

John F. Donahue, of Donahue, Sowa & Bugos, of Lisle, Michael W. Fleming, of Elmhurst, and Paula M. Daleo, of Melrose Park, for other appellees.

JUSTICE WOODWARD delivered the opinion of the court:

The issue common to these consolidated appeals is whether the trial court erred by rescinding the statutory summary suspensions of defendants' drivers' licenses where the arresting officers failed to fill out the receipts on the back of the summary suspension notices. The receipts enable defendants to drive until the summary suspensions take effect. The court held that the failure to complete the receipts constituted improper notice pursuant to section 2—118.1(a) of the Illinois Vehicle Code (625 ILCS 5/2—118.1(a) (West 1992)). On appeal, the State contends that the court erred in so holding because the issue was not one which can be considered in a statutory summary suspension hearing and because the omission was a formal defect which did not affect the validity of the notice.

The facts are not disputed. Each defendant was arrested for driving under the influence of alcohol (625 ILCS 5/11—501 (West 1992)). Each defendant either refused to submit to chemical testing or submitted to testing which revealed a blood-alcohol concentration of .10 or more. Therefore, defendants were notified of the impending summary suspensions of their drivers' licenses. However, in each case, the arresting officer neglected to fill out and sign the receipt on the back of the summary suspension notice.

The Illinois Vehicle Code provides in pertinent part:

"The officer shall confiscate any Illinois driver's license or permit on the person at the time of arrest. If the person has a valid driver's license or permit, the officer shall issue the person a receipt, in a form prescribed by the Secretary of State, which will allow that person to drive during the periods provided for in paragraph (g)." 625 ILCS 5/11—501.1(f) (West 1992).

Defendants argue that the failure to complete the receipts on the back of the notices effectively violated their right to due process by depriving them of the privilege to drive without a pretermination hearing. (See *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723; *People v. Honaker* (1984), 127 Ill. App. 3d 1036.) As such, it cannot be considered merely a "formal defect." Defendants further contend that such a defect is cognizable in a statutory summary suspension hearing.

A driver who has been notified of the statutory summary suspension of his driver's license may request a hearing to rescind the suspension. (625 ILCS 5/2—118.1(b) (West 1992).) The scope of the hearing is limited to the issues of (1) whether the person was

placed under arrest for driving under the influence; (2) whether the arresting officer had reasonable grounds to believe that the person was driving under the influence; (3) whether the person, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to blood-alcohol testing, did refuse to submit to such a test; and (4) whether, after being so advised, the person submitted to such testing and the test revealed a blood-alcohol concentration of .10 or greater. (625 ILCS 5/2—118.1(b) (West 1992).) Courts have held that the statute limits the scope of the hearing to issues related to the defendant's arrest for driving under the influence. *People v. Cronin* (1987), 163 Ill. App. 3d 911.

However, the supreme court has also held that the trial court is implicitly authorized to consider defects in the officer's sworn report. Thus, the trial court could consider the officer's failure to swear to the contents of the report (*People v. Badoud* (1988), 122 Ill. 2d 50, 54) and an officer's failure to fill out the blanks indicating the place and time of testing (*People v. McClain* (1989), 128 Ill. 2d 500, 508-09). See also *People v. Fint* (1989), 183 Ill. App. 3d 284 (report showed that breath test was administered before defendant was arrested); *People v. Cooper* (1988), 174 Ill. App. 3d 500 (report showed that notice of suspension was given before breath test).

Defendants analogize the omission in the present case to the omissions or mistakes in *Badoud*, *McClain*, *Fint*, and *Cooper*. However, unlike in those cases, the omission in question was not a part of the sworn report. The blank receipts appeared on the backs of the notices of summary suspension. The *Badoud* court noted that the sworn report is analogous to the complaint in a civil case, the jurisdictional step which starts the proceeding, and that a trial court has a duty to consider the validity of the complaint. (*Badoud*, 122 Ill. 2d at 54.) By contrast, no particular form of notice is required, and even oral notice may be sufficient under the statute. (*In re Summary Suspension of Driver's License of Rakers* (1989), 187 Ill. App. 3d 27, 32.) The failure to sign the receipt form on the back could not have affected the validity of the notice. Defendants apparently concede that they received adequate notice of the suspensions.

At most, the omissions were formal defects in the notice and did not affect the officers' sworn reports. Even if the failure to sign the receipt could be considered a defect in the sworn report, the State should have been given an opportunity to correct the defect. The *Badoud* court held that the State should have been permitted to amend the reports by having the officers swear to their truth and accuracy at the hearings. *Badoud*, 122 Ill. 2d at 63; see also *Fint*, 183 Ill. App. 3d at 285.

■ The defendants further contend, however, that the failure to sign the receipt effectively deprived them of their privilege to drive without a hearing. They maintain that such a deprivation of due process cannot be deemed a "formal defect." However, we agree with the State that defendants confuse the privilege to drive with a formal manifestation of it. Only the Secretary of State may suspend a driver's license. (*Rakers*, 187 Ill. App. 3d at 34.) A defendant no more lost his privilege to drive than if he had temporarily misplaced his driver's license. To be able to drive, a defendant needed only to return to the police station to have the receipt signed. Even if the failure to sign the receipt somehow suspended defendants' privilege to drive, it is unclear how the remedy sought here—rescinding the otherwise valid suspension—would make up for the prior deprivation.

■ Defendant Hall also contends that the sworn report contains no date showing when the notice of summary suspension was given and that the court's order rescinding Hall's suspension may be affirmed on this basis. The implied consent statute provides that the officer shall serve "immediate notice" of the summary suspension on the offending driver. (625 ILCS 5/11—501.1(f) (West 1992).) The State contends that it is apparent from the report as a whole that notice was given immediately following the breath test. It appears that the trial court never considered this question. Following remand, defendant Hall can raise this issue in the trial court. However, if the court finds the omission is material, under *Badoud*, the State should be permitted to amend the report to supply the missing date.

We do not mean to condone sloppy police procedures. Both the privilege to drive and the safety concerns addressed by the summary suspension scheme are important interests. (See *People v. Esposito* (1988), 121 Ill. 2d 491, 503-04.) Both interests are jeopardized when officers charged with enforcing the law ignore its mandatory provisions. The forms involved are largely preprinted, requiring only the filling in of a few blanks to be completed properly. Nevertheless, not every oversight in completing paperwork warrants rescinding the suspension. Such a rule would unfairly tip the balance in favor of the drivers' rights at the expense of public safety.

For the foregoing reasons, the judgments of the circuit court in all these consolidated cases are reversed, and the causes are remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and DOYLE, J., concur.