THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GARY M. LENT, Defendant-Appellee.

Second District    No. 2—95—0289

Opinion filed November 15, 1995.

Anthony M. Peccarelli, State's Attorney, of Wheaton (Margaret M. Healy, Assistant State's Attorney, and William L. Browers and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE COLWELL delivered the opinion of the court:

The State appeals the circuit court's order rescinding the statutory summary suspension of the driver's license of defendant, Gary Lent, on the ground that a jail official, rather than the arresting officer, served defendant with the notice of the suspension. The State contends that the court erred in rescinding the suspension on this basis.

Defendant has not filed a brief in this court. However, we will decide the merits of the appeal pursuant to the standard of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

On December 27, 1994, Officer Mark Winter arrested defendant for driving under the influence of alcohol (625 ILCS 5/11—501 (West

1994)) and other traffic offenses. Winter read defendant the warning to motorists and requested that he take a breath test. Defendant refused. Shortly thereafter, Winter's shift ended. Winter left the required paperwork with detention officer Brennan, a civilian employee of the City of Naperville.

Brennan booked and processed defendant, who posted bond with Brennan. Brennan then served defendant with the charges, the warning to motorist, the notice of the statutory summary suspension, and the bail bond form.

Defendant filed a petition to rescind the summary suspension on the ground that the arresting officer did not personally serve him with the notice of summary suspension as required by section 11—501.1(f) of the Illinois Vehicle Code. That section provides:

> "The law enforcement officer submitting the sworn report under paragraph (d) shall serve immediate notice of the statutory summary suspension on the person ***." 625 ILCS 5/11—501.1(f) (West 1994).

The State filed a timely notice of appeal. On appeal, the State contends that the court erred in rescinding the summary suspension on a nonstatutory basis. The State also contends that any statutory violation was *de minimis* and should not result in the rescission of the summary suspension.

A driver who has been notified of the statutory summary suspension of his driver's license may request a hearing to rescind the suspension. (625 ILCS 5/2—118.1(b) (West 1994).) The scope of the hearing is limited to the issues of (1) whether the person was placed under arrest for driving under the influence; (2) whether the arresting officer had reasonable grounds to believe that the person was driving under the influence; (3) whether, after being advised by the arresting officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to blood-alcohol testing, the person refused to submit to such a test; and (4) whether, after being so advised, the person submitted to such testing and the test revealed a blood-alcohol concentration of .10 or greater. (625 ILCS 5/2—118.1(b) (West 1994).) Courts have held that the statute limits the scope of the hearing to issues related to the defendant's arrest for driving under the influence. (*People v. Cronin* (1987), 163 Ill. App. 3d 911.) The burden is on the motorist to establish one or more of the statutory grounds. *City of Highland Park v. Didenko* (1995), 274 Ill. App. 3d 24, 25.

The manner of the service is not one of the issues listed in section 2—118.1(b). The supreme court has recognized a narrow exception whereby courts may consider defects in the officer's sworn report.

(*People v. Badoud* (1988), 122 Ill. 2d 50, 54.) However, the notice of suspension is not part of the sworn report.

In *People v. Steder* (1994), 268 Ill. App. 3d 44, we held that the trial court erred in rescinding summary suspensions on the ground that the arresting officers failed to sign the driver's license receipts. We held that the failure to sign the receipt form was merely a formal defect in the notice and did not affect the validity of the sworn report. Defendants conceded that they received adequate notice. *Steder*, 268 Ill. App. 3d at 46.

The purpose of the summary suspension scheme is to make the highways safer by removing drivers impaired by alcohol and drugs from the roads. (*People v. Wegielnik* (1992), 152 Ill. 2d 418, 425.) These safety concerns and motorists' privileges to drive are both important interests. (*Steder*, 268 Ill. App. 3d at 47.) To require rescission of the suspension for every oversight in completing the required paperwork "would unfairly tip the balance in favor of the drivers' rights at the expense of public safety." *Steder*, 268 Ill. App. 3d at 47.

As in *Steder*, the defect in the present case was merely formal. Defendant was not deprived of any substantial right, since he clearly received actual notice of the summary suspension and of his right to request a rescission hearing. The trial court was not justified in rescinding the summary suspension based on the failure of the arresting officer personally to serve defendant with the notice of summary suspension.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and RATHJE, JJ., concur.