# Illinois Official Reports

## Appellate Court

---

### *People v. Clayton*, 2014 IL App (4th) 130340

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RYAN C. CLAYTON, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-13-0340 |
| Filed | March 4, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for driving under the influence of alcohol, the failure of the arresting officer's sworn report and the notice of the summary suspension of defendant's license to have a check mark in the boxes indicating whether defendant was given immediate notice of the suspension or notice by mail did not provide a basis for rescinding the summary suspension of defendant's license, since defendant admitted he was given the proper admonitions and received written notice. |
| Decision Under Review | Appeal from the Circuit Court of Schuyler County, No. 13-DT-1; the Hon. Alesia McMillen, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Ramon Escapa, State's Attorney, of Rushville (Patrick Delfino, David J. Robinson, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>No brief filed for appellee. |

Panel                    JUSTICE POPE delivered the judgment of the court, with opinion.
Presiding Justice Appleton and Justice Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1    The State appeals the trial court's order granting defendant Ryan C. Clayton's petition to rescind the statutory summary suspension of his driver's license. We reverse and remand for further proceedings.

¶ 2                              I. BACKGROUND

¶ 3    On December 27, 2012, Schuyler County sheriff's deputy Tim Rhoads responded to a one-car accident involving a truck stuck in a ditch. Rhoads arrested defendant for driving under the influence of alcohol (DUI). Defendant agreed to submit to a Breathalyzer test. The sworn report shows defendant's blood alcohol level was 0.236. Thereafter, the Secretary of State suspended defendant's driver's license.

¶ 4    On January 22, 2013, defendant filed a petition to rescind the suspension of his license, arguing (1) he was not properly placed under arrest for DUI, (2) the arresting officer did not have reasonable grounds to believe he was driving while under the influence of alcohol, (3) he was not properly warned by the arresting officer pursuant to section 11-501.1 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501.1 (West 2010)), and (4) the test did not indicate a blood alcohol level of 0.08 or more.

¶ 5    During the hearing on defendant's petition, Deputy Rhoads testified he admonished defendant of the consequences involved in agreeing or refusing to take a Breathalyzer test prior to defendant taking it. Rhoads informed defendant if he took the test and failed his license would be suspended for 6 months but if he refused the test he would face a 12-month suspension. (A copy of the written warning to motorist is contained in the record.) Defendant agreed to the test, which, according to the sworn report, showed defendant's blood alcohol level was 0.236.

¶ 6    After defendant took the test, Rhoads completed the sworn report and notice of summary suspension, which are a series of preprinted forms attached together and separated by carbon paper. The information requested on these forms is identical. The top copy is filled out by the officer and the pigment from the carbon paper makes imprints of the officer's entries onto the underlying forms. After completing the documents, Rhoads tore the reports by the perforations and gave defendant his copy. Rhoads testified he filed one copy with the court and another with the Secretary of State. All the copies, including defendant's, reflect the notice of summary suspension was given to defendant on December 27, 2012. (The warning to motorist filed with the court indicates it was given at 23:30, *i.e.*, 11:30 p.m. The notice of summary suspension indicates testing was administered at 11:54 p.m.)

- 2 -

¶ 7    During Rhoads' testimony, defendant's trial counsel introduced a copy of the sworn report (petitioner's exhibit No. 2) and the notice of summary suspension provided to defendant (petitioner's exhibit No. 6). At the bottom of the forms are two check boxes to indicate the manner in which notice of suspension was served on the defendant, *i.e.*, either immediate notice of the suspension or notice by mail. On the copy provided to defendant (petitioner's exhibit No. 6), neither box was checked. However, the box indicating immediate service was checked on both the copy of the sworn report filed with the court (petitioner's exhibit No. 2) and the copy sent to the Secretary of State (People's exhibit No. 3).

¶ 8    Rhoads testified he had marked the box on the first page of the sworn report at the time he gave the document to defendant. Rhoads stated he had "no idea" why the box was checked on the sworn report but not checked on the copy of the notice of the statutory summary suspension he provided defendant. Rhoads testified it was his habit to complete the entire form prior to tearing it apart. According to Rhoads, "I just figured it was marked when I marked the top one." Rhoads denied he went back and marked the forms at a later time.

¶ 9    Defendant testified he received the notice of suspension from Rhoads on the night of the arrest. It is undisputed defendant's copy shows notice of the suspension was given on December 27, 2012, the date of defendant's arrest. Defendant testified Rhoads informed him his license would be suspended for 12 months if he refused to take the breath test. According to defendant's testimony, Rhoads also told him his license would be suspended for six months if he took the breath test and failed.

¶ 10   During its argument, the State explained the differences in the copies by suggesting the carbon paper may have moved or separated while Rhoads was filling out the forms. The State characterized the omission as a minor matter and maintained defendant's due process rights were not denied as a result.

¶ 11   Defendant's counsel centered his argument on the missing check in the box on defendant's copy, arguing "there is no explanation of how [defendant's] Notice of Summary Suspension is different [from the other copies] other than the fact it was altered after [defendant] received his copy." Defendant's counsel maintained the discrepancy was an "identifiable issue" which justified rescinding defendant's suspension.

¶ 12   The trial court found the check box on the sworn report was marked at a later time and not when Rhoads gave defendant his copy of the notice of summary suspension. The court stated "the officer made his own amendment after giving the defendant his copy and notified no one." According to the court, Rhoads "most likely discovered his failure to check the box that he had given immediate notice to the defendant after he had given the copy to [him], and [Rhoads] then marked the box on the Court's original and the Secretary of State's copy, but he told no one." On that basis, the court granted defendant's petition to rescind the statutory summary suspension. (The rescission form filed April 19, 2013, indicates the basis for rescinding the summary suspension is "No Warning Given.")

¶ 13   This appeal followed.


¶ 14                                          II. ANALYSIS

¶ 15    On appeal, the State argues the trial court erred in granting defendant's petition to rescind the suspension of his driver's license. Specifically, the State argues rescission was not warranted because, even assuming, *arguendo*, Rhoads checked the box on the sworn report after he detached defendant's copy, defendant received immediate and actual notice of the suspension. We agree.

¶ 16    We note defendant has not filed an appellee's brief in this matter. However, because the record is simple and the claimed error is such that we can reach a decision without the aid of an appellee's brief, we shall do so. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

¶ 17    In a statutory summary suspension hearing, the defendant bears the burden of proof to establish a *prima facie* case for rescission. *People v. Granados*, 332 Ill. App. 3d 860, 862, 773 N.E.2d 1272, 1274 (2002). The defendant must satisfy his burden of proof by a preponderance of the evidence. *Granados*, 332 Ill. App. 3d at 862, 773 N.E.2d at 1274. After the defendant establishes a *prima facie* case, the burden shifts to the State to come forward with evidence justifying the suspension. *People v. Smith*, 172 Ill. 2d 289, 295, 665 N.E.2d 1215, 1217-18 (1996). In considering an appeal of a ruling on a petition to rescind, we defer to the trial court's factual findings but review *de novo* whether the petition to rescind should have been granted. *People v. Hacker*, 388 Ill. App. 3d 346, 350, 902 N.E.2d 792, 795 (2009) (citing *People v. Wear*, 229 Ill. 2d 545, 561-62, 893 N.E.2d 631, 641 (2008)).

¶ 18    Section 11-501.1 of the Vehicle Code (625 ILCS 5/11-501.1 (West 2012)) provides if a motorist arrested for DUI refuses to undergo chemical testing, or submits to testing which reveals an alcohol level of 0.08 or more, the motorist's driving privileges will be summarily suspended. A motorist who refuses to submit to testing is subject to a longer suspension of driving privileges than one who submits to testing and fails. *People v. Bavone*, 394 Ill. App. 3d 374, 378, 916 N.E.2d 75, 79 (2009).

¶ 19    The Vehicle Code requires an arresting officer to complete a sworn report certifying a test was requested and the defendant either refused to submit to testing or took the test and failed. 625 ILCS 5/11-501.1(d) (West 2012). The officer must submit the report to the Secretary of State, who will then confirm the suspension by mailing a notice of its effective date to the defendant. 625 ILCS 5/11-501.1(h) (West 2012). However, if the Secretary of State determines the sworn report is defective, *i.e.*, it does not contain sufficient information or was completed in error, then the confirmation of the suspension "shall not be mailed to the person or entered to the record." 625 ILCS 5/11-501.1(h) (West 2012). Instead, "the sworn report shall be forwarded to the court of venue with a copy returned to the issuing agency identifying any defect." 625 ILCS 5/11-501.1(h) (West 2012). The officer is also required to serve the driver with notice his license will be summarily suspended. 625 ILCS 5/11-501.1(f) (West 2012) (either immediate notice or notice by mail).

¶ 20    A defendant may challenge the summary suspension of his driving privileges by filing a petition to rescind the suspension. 625 ILCS 5/2-118.1(b) (West 2012). By statute, the grounds upon which the petition may be based are limited to whether: (1) the motorist was lawfully arrested for DUI; (2) the arresting officer had reasonable grounds to believe that the motorist was under the influence of alcohol; (3) the motorist refused to submit to chemical testing after being advised that such refusal would result in a statutory summary suspension of driving privileges; and (4) the motorist submitted to chemical testing and failed the test. 625 ILCS

- 4 -

5/2-118.1(b) (West 2012). While the scope of the hearing is generally limited to these four issues (*People v. Mayor*, 2012 IL App (2d) 120050, ¶ 10, 982 N.E.2d 257), the supreme court has held the trial court may also consider defects in the officer's sworn report. *People v. Ehley*, 381 Ill. App. 3d 937, 942, 887 N.E.2d 772, 777 (2008) (citing *People v. Badoud*, 122 Ill. 2d 50, 54, 521 N.E.2d 884, 886 (1988) (trial court in a rescission hearing may consider whether the officer's report was properly sworn)).

¶ 21    In this case, the trial court stated it did not believe Rhoads' testimony regarding when he checked the box indicating the manner of notice on the sworn report. We recognize, in circumstances, the manner in which the report was completed may be relevant to the validity of the statutory summary suspension. See *People v. McClain*, 128 Ill. 2d 500, 508, 539 N.E.2d 1247, 1251 (1989) (considering the manner in which the report was completed but finding the officer's failure to include the time and place of the test on his report was not cause for rescission of the suspension). However, here, the defect was in defendant's copy of the notice of summary suspension and *not* Rhoads' sworn report. See *People v. Steder*, 268 Ill. App. 3d 44, 47, 642 N.E.2d 1360, 1363 (1994) (officer's failure to fill out receipts on the back of summary suspension notice constituted formal defect which did not warrant rescission of the suspension); *People v. Lent*, 276 Ill. App. 3d 80, 81-82, 657 N.E.2d 732, 734 (1995) (notice of suspension is not part of officer's sworn report; therefore, narrow exception for considering defects in sworn report is inapplicable to defect in notice of summary suspension). For the reasons that follow, even if Rhoads checked the box on the sworn report after he detached defendant's copy, we find the absence of information regarding the manner of notice on defendant's copy did not warrant rescission of his suspension.

¶ 22    As stated, the scope of a hearing on a petition to rescind is limited to the enumerated grounds provided in section 2-118.1(b)(1) to (b)(4) of the Vehicle Code (625 ILCS 5/2-118.1(b)(1) to (b)(4) (West 2012)). The manner in which notice of the suspension is served on the defendant is not included in section 2-118.1. See *People v. Grabeck*, 2011 IL App (2d) 100599, ¶ 14, 962 N.E.2d 620 (manner of notice is not one of the grounds for rescission). "The lack of information regarding *how* defendant was served with the notice, in contrast to *when* defendant was given notice, is a defect that does not warrant the rescission of the suspension." (Emphases in original.) *Grabeck*, 2011 IL App (2d) 100599, ¶ 16, 962 N.E.2d 620 (reversing rescission where the officer failed to check *either* box on the sworn report indicating the manner in which the defendant was notified of the suspension because the report specified the date on which he was given notice); *Lent*, 276 Ill. App. 3d at 82, 657 N.E.2d at 734 (finding defendant was not deprived of any substantial right, since he clearly received actual notice of the summary suspension).

¶ 23    Here, Rhoads' sworn report stated notice of defendant's summary suspension was given to him on December 27, 2012, the date of his arrest. This is reflected in the copy of the report defendant acknowledged he received that night. Defendant's copy of the sworn report is labeled "Notice of Summary Suspension/Revocation" and states "Notice of Summary Suspension/Revocation Given On 12/27/12." Thus, defendant received actual and immediate notice of the suspension on December 27, 2012. Defendant did not argue he failed to receive notice of the suspension. Instead, defendant focused his argument on a technical defect in the way his copy reflected *how* he was served with that notice. However, given defendant was

provided with actual notice of the suspension on the date of his arrest, we cannot say the failure of his copy to show how he was given that notice warranted rescission in this case.

¶ 24 Moreover, this is not a situation where the Secretary of State lacked sufficient information with which to suspend defendant's license. See *People v. Palacios*, 266 Ill. App. 3d 341, 343, 640 N.E.2d 657, 658-59 (1994) (finding the sworn report was defective where the date indicating when the notice of suspension was given was missing because the Secretary of State would be unable to impose the suspension 46 days later). Section 11-501(g) of the Vehicle Code requires the statutory summary suspension take effect on the forty-sixth day following the date the notice of the statutory summary suspension was given. 625 ILCS 5/11-501.1(g) (West 2012).

¶ 25 Here, the Secretary of State confirmed the suspension took effect on February 11, 2013, *i.e.*, 46 days after defendant's December 27, 2012, arrest. Because the sworn report in this case included the date notice was served on defendant, the Secretary of State had the information necessary to process defendant's suspension. See *People v. Donnelly*, 327 Ill. App. 3d 1101, 1104, 765 N.E.2d 496, 498 (2002) (affirming denial of the defendant's petition to rescind where the Secretary of State had sufficient information to suspend the defendant's license even though the officer failed to check either box on the sworn report because the report indicated the defendant was served with notice of the suspension on the date of his arrest).

¶ 26 In sum, defendant was not deprived of a substantial right where it is clear he received actual notice of the statutory summary suspension on the date of his arrest. Defendant admitted he received the notice following his arrest, rendering the issue undisputed. Not only did defendant admit he received the written notice, he also admitted he was given the proper admonitions contained in the written warning to motorist. Accordingly, the trial court erred in granting defendant's petition to rescind on the basis the officer failed to warn defendant his license was subject to summary suspension.

¶ 27                                              III. CONCLUSION

¶ 28 For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 29 Reversed and remanded.

- 6 -