# Illinois Official Reports

## Appellate Court

*City of Highland Park v. Bryan*, 2019 IL App (2d) 180662

| | |
|---|---|
| Appellate Court Caption | THE CITY OF HIGHLAND PARK, Plaintiff-Appellee, v. DEMITRIUS BRYAN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-18-0662 |
| Filed | May 31, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 18-DT-525; the Hon. Charles D. Johnson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Brett Cronson and Christopher Cronson, of Cronson & Cronson, Ltd., of Waukegan, for appellant.<br><br>Brian G. Smith, of LaLuzerne & Smith, Ltd., of Waukegan, for appellee. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Presiding Justice Birkett and Justice Burke concurred in the judgment and opinion. |

## OPINION

¶ 1      Defendant, Demetrius Bryan, appeals the order of the circuit court of Lake County denying his petition to rescind the statutory summary suspension of his driving privileges pursuant to section 11-501.1 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501.1 (West 2016)). We affirm.

¶ 2                                   I. BACKGROUND

¶ 3      Defendant submitted an agreed statement of facts in lieu of transcripts of proceedings, pursuant to Illinois Supreme Court Rule 323(d) (eff. July 1, 2017). We take the following facts from that statement as well as the common-law record.

¶ 4      On April 8, 2018, at 2:59 a.m., Officer Daniel Norton of the Highland Park Police Department initiated a traffic stop of defendant's automobile, based on an expired vehicle registration. Upon approaching the car, Norton smelled alcohol and observed an open can of beer in the center console. He investigated defendant for signs of alcohol-related impairment and then arrested him for driving under the influence (DUI) of alcohol, in violation of section 11-501(a)(2) of the Vehicle Code. 625 ILCS 5/11-501(a)(2) (West 2016). Norton transported defendant to the Highland Park police station.

¶ 5      At the station, Norton requested that defendant submit to a breath test to determine his blood-alcohol content, and he served defendant with a warning as required by section 11-501.1(c) of the Vehicle Code. 625 ILCS 5/11-501.1(c) (West 2016). The warning, which defendant signed, stated that defendant's refusal to submit to the test would result in a minimum 12-month suspension of his driving privileges. Thereafter, defendant refused to submit to a breath test. Based on his refusal, Norton served defendant with notice of the statutory summary suspension of his driving privileges. 625 ILCS 5/11-501.1(f) (West 2016).

¶ 6      On April 12, 2018, defendant filed his petition to rescind the statutory summary suspension, pursuant to section 2-118.1 of the Vehicle Code. 625 ILCS 5/2-118.1 (West 2016). In his petition, defendant challenged the suspension on five grounds: (1) he was not properly placed under arrest for DUI, (2) Norton did not have reasonable grounds to believe that he was driving under the influence, (3) Norton did not warn him as required by section 11-501.1 of the Vehicle Code, (4) he did not refuse Norton's request for him to take the test, and (5) he took the requested test, but it did not indicate a blood-alcohol concentration of 0.10 or more.[1]

¶ 7      On June 1, 2018, the trial court held a hearing on the petition to rescind. Norton testified, acknowledging that he did not include all of the information that was in his law enforcement sworn report in the notice that he served on defendant. The information included in the sworn report but not contained in the notice was (1) the place of refusal (the Highland Park Police Department), (2) the refusal date (April 8, 2018), and (3) a checkmark in a box that indicated that defendant refused the test and that his driving privileges would be suspended for a minimum of 12 months. According to the agreed statement of facts, Norton was unsure of how the missing information was added to his sworn report after he served defendant with the

---

[1]Defendant filed his petition to rescind using a preprinted form that apparently predated the 1997 public act that reduced the blood-alcohol concentration limit in Illinois from 0.10 to 0.08. See Pub. Act 90-43 (eff. July 2, 1997) (amending 625 ILCS 5/1-203.1).

notice; he could not recall whether he personally filled in the remaining information or whether a colleague assisted him in completing the document.

¶ 8 At the hearing, defendant attacked the sufficiency of the notice, arguing that it was deficient because it did not include the length of his suspension, the reason for his suspension, or the date and place where he refused to submit to a chemical test. These deficiencies, according to defendant, violated his due process rights and the immediate-notice requirement of section 11-501.1 of the Vehicle Code. The record does not reflect that defendant argued any other issues, including any of those outlined in his petition. The City of Highland Park (City) responded that the notice adequately informed defendant of the impending suspension because it contained the date of the notice, defendant's name, and that the suspension would take effect 46 days after the date of the notice. The City additionally argued that the sworn report sent to the Secretary of State (Secretary) complied with the requirements of section 11-501.1 because it contained all of the information the Secretary needed to effectuate the suspension.

¶ 9 The trial court found that the notice, while incomplete, did not fail to comply with the requirements of section 11-501.1 of the Vehicle Code. On June 1, 2018, the court denied defendant's petition to rescind the statutory summary suspension.

¶ 10 In his motion to reconsider, defendant reiterated that the notice was defective. He added that the sworn report was likewise defective because (1) a second officer supplemented the report with information after Norton had signed it and (2) the second officer did not swear to the new information. According to defendant, this subverted "the entire notion and purpose of a law enforcement sworn report." In the "Facts" section of his memorandum supporting his motion to reconsider, defendant stated:

"It is apparent to this writer's untrained eye that the way the boxes are checked off and the handwriting and numbers are filled in on the 'updated' report that two people contributed data into the report. There are not two signatures affixed pursuant to Section 1-109 of The Code of Civil Procedure swearing to the accuracy of the information contained therein."

On July 20, 2018, the court denied defendant's motion to reconsider. Defendant timely appealed.

¶ 11                                              II. ANALYSIS

¶ 12 Defendant argues that we should reverse the trial court's rulings denying his petition to rescind and his motion to reconsider because (1) his notice of the statutory summary suspension was defective, (2) the "Law Enforcement Sworn Report" was not sworn in accordance with section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2016)), and (3) actions taken by the Highland Park Police Department were "in derogation" of section 11-501.1 of the Vehicle Code.

¶ 13 The City responds that defective notice is not a statutory ground to rescind a suspension under section 2-118.1 of the Vehicle Code and that, even if the claim were permissible, defendant received adequate notice that made him aware of the essential facts for challenging the suspension. The City further asserts that defendant did not challenge the accuracy of the information in the sworn report and, thus, failed to establish a *prima facie* case for rescission. As to defendant's final argument, the City maintains that the Highland Park police fulfilled the

requirements of the statutory scheme and that defendant confuses and conflates certain requirements of section 11-501.1.

¶ 14    At a statutory summary suspension hearing, the defendant bears the burden of establishing a *prima facie* case for rescission by a preponderance of the evidence. *People v. Clayton*, 2014 IL App (4th) 130340, ¶ 17. Only after the defendant has established a *prima facie* case does the burden shift, and at that point, the State must come forward with evidence that justifies the suspension. *Clayton*, 2014 IL App (4th) 130340, ¶ 17. We defer to the trial court's factual findings but review *de novo* its decision granting or denying a petition to rescind a statutory summary suspension. *Clayton*, 2014 IL App (4th) 130340, ¶ 17.

¶ 15    Section 11-501.1(a) of the Vehicle Code provides that a motorist driving on public highways in Illinois consents to a chemical test to determine his or her blood-alcohol concentration. 625 ILCS 5/11-501.1(a) (West 2016). When an officer has probable cause to believe that the motorist is under the influence of alcohol, he or she shall request that the motorist submit to a chemical test. 625 ILCS 5/11-501.1(a) (West 2016). The officer must warn the motorist that a refusal to submit to the test will result in the statutory summary suspension of the motorist's driving privileges. 625 ILCS 5/11-501.1(c) (West 2016). If the motorist refuses the test, the officer submits a sworn report so stating to the circuit court of venue and the Secretary (625 ILCS 5/11-501.1(d) (West 2016)) and serves notice of the statutory summary suspension on the motorist (625 ILCS 5/11-501.1(f) (West 2016)). The Secretary confirms the suspension by mailing the motorist notice of the effective date of the suspension (625 ILCS 5/11-501.1(h) (West 2016)), which is the forty-sixth day following the date that the officer served the motorist with notice (625 ILCS 5/11-501.1(g) (West 2016)). If the officer forwards a defective sworn report to the Secretary, the Secretary does not confirm the suspension but remits the defective report to the court of venue and copies the issuing agency, explaining the reasons for the deficiency. 625 ILCS 5/11-501.1(h) (West 2016).

¶ 16                              A. Notice of Statutory Summary Suspension

¶ 17    Defendant contends that his notice of the statutory summary suspension failed to provide him with "the information necessary to contest at hearing the right or privilege that the State [was] seeking to suspend or revoke." He argues that the notice must contain at least the minimal information that the Secretary requires in the sworn report. Defendant insists that his notice fell "woefully short" as to what privilege was at stake, for how long, and why, because Norton left several spaces blank in the preprinted notice form: (1) the minimum duration of the suspension based on his refusal of the test, (2) the place of the refusal, and (3) the date of the refusal.

¶ 18    Defendant conceded at oral argument that there is no authority that explicitly enumerates specific minimum requirements for a notice of a statutory summary suspension. He argues, however, that section 11-501.1 "implicitly" requires that the arresting officer include the same information in the notice as is required in the sworn report. In support of this contention, defendant cites *People v. Palacios*, 266 Ill. App. 3d 341 (1994). In *Palacios*, however, the court addressed a defective *sworn report*, not a defective *notice*. *Palacios*, 266 Ill. App. 3d at 342. The issue before the court was whether the sworn report was defective because the arresting officer failed to include the date upon which he gave the defendant notice of the summary suspension. *Palacios*, 266 Ill. App. 3d at 342. After noting that the record contained no evidence that the defendant was given actual notice, the court concluded that the statute

implicitly required that the sworn report include the date of the notice because section 11-501.1(g) of the Vehicle Code (625 ILCS 5/11-501.1(g) (West 2016)) directs that the suspension begins on the forty-sixth day following the date of the notice. *Palacios*, 266 Ill. App. 3d at 343. "Clearly, unless the sworn report indicates to the Secretary the date upon which notice of suspension was given, the Secretary would be unable to impose the suspension 46 days later." *Palacios*, 266 Ill. App. 3d at 343. Contrary to defendant's contention, *Palacios* did not hold that the statute implicitly requires any specific information in the notice. Consequently, *Palacios* is inapposite.

¶ 19     In addition to misstating the holding in *Palacios*, defendant conflates the *notice* and the *sworn report*, using the terms interchangeably throughout his entire argument. He discusses information that he says is missing from the *notice* but then argues that the *sworn report* is "facially defective" as a result of the missing information. By confusing the notice with the sworn report and supporting his argument with only inapposite authority, defendant fails to articulate a cogent legal argument supported by authority as required by Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018). Accordingly, defendant has forfeited this argument. Forfeiture, however, is a restriction on the parties, not this court; we may overlook forfeiture, and we do so here. *Our Savior Evangelical Lutheran Church v. Saville*, 397 Ill. App. 3d 1003, 1028 (2009) ("forfeiture is a limitation on the parties, not on the court, and the court may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent").

¶ 20     The City counters that a defective notice is not a sufficient ground for a petition to rescind. We agree. Section 2-118.1 of the Vehicle Code allows a motorist to file a petition to rescind his or her summary suspension. The statutory grounds for the petition are limited to whether (1) the person was lawfully arrested for a qualifying offense, including DUI, (2) the arresting officer had reasonable grounds to believe that the person was driving under the influence of alcohol, (3) the person refused to submit to testing after being warned that a refusal would trigger a summary suspension, and (4) the person submitted to testing and failed the test. 625 ILCS 5/2-118.1(b) (West 2016). In addition to these four grounds, our supreme court has recognized a fifth ground whereby the trial court may also consider defects in the officer's *sworn report*. *People v. Badoud*, 122 Ill. 2d 50, 54 (1988). Here, defendant overlooks that the *notice* of the summary suspension is not part of the *sworn report*. *People v. Lent*, 276 Ill. App. 3d 80, 82 (1995). Consequently, defendant's attempt to elevate an alleged technical defect in his notice to a valid ground for rescission of his summary suspension must fail. *Cf. Clayton*, 2014 IL App (4th) 130340, ¶ 21 (the narrow exception to consider defects in a sworn report is not triggered when the alleged defects are in the defendant's notice, not the officer's sworn report).

¶ 21     Even if the information missing from the notice could be construed as a defective sworn report, defendant's argument would still fail. Defendant acknowledges that he received a document labeled "Notice Of Summary Suspension/Revocation" on April 8, 2018, which is the date of his notice recorded in the sworn report and also the date of his arrest. Prior to his refusal of the test, defendant was given a written warning that a refusal would result in a minimum 12-month suspension of his driver's license. The notice additionally informed defendant of his DUI case number, his arrest date, his date of notice, and a detailed narrative of why he was stopped and arrested. The notice included a bold paragraph that read:

"The suspension/revocation shall take effect on the 46th day following issuance of this notice. Subsequent to an arrest for violating Section 11-501 of the Illinois Vehicle Code, *** you are hereby notified that on the date shown above, you were asked to submit to a chemical test(s) to determine the alcohol *** content of your breath *** and warned of the consequences ***. You have the right to a hearing to contest your suspension/revocation. You must file a petition to rescind your suspension/revocation within 90 days of this notice."

Thus, contrary to defendant's suggestion that the notice was a "mere *** piece of paper *** with a date and [an] officer's signature," defendant was thoroughly informed of the impending suspension, the reasons therefor, and its length. Indeed, defendant received actual and immediate notice on April 8, 2018, which is reflected in the sworn report. Under these circumstances, we would be hard-pressed to disturb the decision of the trial court and hold that these technical defects in the notice warranted rescission. *Cf. Clayton*, 2014 IL App (4th) 130340, ¶ 23 (rescission not warranted when the defendant's copy of the notice provided him with actual notice of the suspension on the date of his arrest).

¶ 22                                    B. Sworn Report

¶ 23    Defendant next argues that Norton submitted an improperly sworn report that cannot support his suspension. In his brief, defendant contends that two officers completed different parts of the sworn report but that only one officer signed the report. Thus, according to defendant, the report was not properly sworn pursuant to section 1-109 of the Code. Defendant clarified his position at oral argument: "Our contention is that any information that was provided after Officer Norton affixed his signature to it—any information that was provided after that is not sworn information."

¶ 24    Defendant correctly notes that section 1-109 of the Code governs the proper procedure for swearing to a sworn report. Our supreme court has likened the sworn report to a complaint in a civil proceeding. *Badoud*, 122 Ill. 2d at 54. In a civil proceeding, a complaint is "sworn" if it is certified in accordance with section 1-109 of the Code, which reads in relevant part:

> "The person or persons having knowledge of the matters stated in a pleading *** shall subscribe to a certification in substantially the following form: *Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct ***.*" (Emphasis added.) 735 ILCS 5/1-109 (West 2016).

¶ 25    Here, Norton's certification in the sworn report substantially complied on its face with section 1-109 of the Code. The text immediately above his signature reads:

> "*Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct*." (Emphasis added.)

Notwithstanding Norton's signature, defendant argues that the information that he maintains was added after Norton affixed his signature was never properly sworn.

¶ 26    Assuming, *arguendo*, that defendant has demonstrated that a second person added information to the sworn report after Norton signed it, the focus then shifts to the manner in which this new information could be properly certified. Defendant suggests in his brief that the report should have been signed by the second person. At oral argument, he offered two

additional possibilities: Norton could have written on the report that he adopted the new information, or he could have completed an entirely new report and then sworn to that information. There is another method of certification, however, that defendant does not raise. It is well established that a law enforcement officer's initial failure to swear to a sworn report can be cured by an affirmation of its contents in open court. See *Badoud*, 122 Ill. 2d at 58; see also *People v. Gaddi*, 145 Ill. App. 3d 227, 231 (1986); *People v. Newberry*, 121 Ill. App. 3d 1069, 1072 (1984); *People v. Rehfeldt*, 103 Ill. App. 3d 368, 371 (1982). In *Badoud*, our supreme court considered the "seriousness of the public hazard" that the summary suspension statute was meant to address, and it thus concluded that "the General Assembly intended an officer's good-faith failure to initially swear to the report to be curable." *Badoud*, 122 Ill. 2d at 59-60.

¶ 27      Here, Norton testified at the hearing on defendant's petition to rescind. The information in the record regarding his testimony comes not from a transcript of the proceedings but from the agreed statement of facts. Norton answered probing questions about the manner in which the forms were completed. Norton was unable to recall whether he or another officer filled in the additional information. The record is clear, however, that as the arresting officer who shepherded defendant through the entire process, Norton would have had personal knowledge of the information that defendant argues was not sworn to in the report—the place of the refusal, the date of the refusal, and the 12-month suspension. But the record does not reflect that defendant raised this issue of an improperly sworn report at the hearing. The agreed statement of facts mentions only the defective-notice argument. Defendant averred at oral argument that the improperly-sworn-report issue was also raised before the trial court:

> "This issue was…uh…in front of the trial court inasmuch as we…uh…Officer Norton, the arresting officer, was questioned about the manner in which the sworn report was filled out. He was questioned about who later provided the information. He was unable to say who later provided the information."

¶ 28      Defendant's assertion at oral argument that he raised this issue at the hearing is unconvincing. His questions of Norton about the manner in which the report was completed were the basis of his defective-notice argument, which is what he raised at that time. He now attempts to elevate his defective-notice argument into an argument that necessarily encompassed his improperly-sworn-report issue. By failing to explicitly raise this issue in his petition or at the hearing, he failed to put the City on notice and deprived it of the opportunity to cure the report with Norton's testimony. At best, defendant first raised this argument in his motion to reconsider, which is enough, in itself, for us to consider the argument forfeited on appeal. *People v. Ross*, 2017 IL App (4th) 170121, ¶ 32 (arguments made for the first time in a motion to reconsider are forfeited on appeal). Where defendant's failure to raise the improperly-sworn-report issue at the hearing actually deprived the City of a clear opportunity to cure any deficiencies in the report, it would be utterly unfair for us to view this argument as anything but forfeited. See *People v. Pratt*, 2018 IL App (5th) 170427, ¶ 22 (argument forfeited when the State's failure to timely raise an argument unfairly deprived the defendant of an opportunity to present evidence on the issue). Accordingly, the argument is forfeited.

¶ 29                      C. Statutory Scheme

¶ 30      Defendant's final argument is that the Highland Park Police Department operated contrary to the procedural requirements described in the Vehicle Code. He frames this as a statutory

construction issue, arguing that the arresting officer is required to forward the sworn report to the Secretary and the court of venue and to "serve a copy of the *sworn report* upon the motorist." (Emphasis added.) He contends that the officer may not change or add facts to the sworn report after he has already served a copy of the sworn report on the motorist. Defendant then contends that the police department here added information to the sworn report only after it served a copy on defendant and, therefore, "the police altered the protocol that was envisioned by the legislature" and "usurped the function of the Secretary of State in identifying defects or errors in the Notice."

¶ 31　　　Defendant misreads the statute. No section of the Vehicle Code requires that the officer serve a copy of the *sworn report* upon the motorist. Section 11-501.1(d) requires the officer to "immediately submit a sworn report to the circuit court of venue and the Secretary of State." (625 ILCS 5/11-501.1(d) (West 2016)). Section 11-501.1(f) requires the officer to "serve immediate *notice* of the statutory summary suspension or revocation on the person." (Emphasis added.) (625 ILCS 5/11-501.1(f) (West 2016)). The notice of the suspension is not part of the sworn report. *Lent*, 276 Ill. App. 3d at 82. Here, Norton signed the sworn report before it was sent to the Secretary. He was not required to serve defendant with a copy of the sworn report. He was required to serve defendant with the notice, and he did so. Consequently, he did not "usurp[ ] the function of the Secretary of State in identifying defects or errors in the Notice," because he properly forwarded the *sworn report*, not the *notice*, to the Secretary.

¶ 32　　　　　　　　　　　　　　　　　III. CONCLUSION
¶ 33　　　For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 34　　　Affirmed.