# Illinois Official Reports

## Appellate Court

---

### *People v. Raupp*, 2020 IL App (2d) 190309

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROSS E. RAUPP, Defendant-Appellee. |
| District & No. | Second District<br>No. 2-19-0309 |
| Filed | February 20, 2020 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 19-DT-18; the Hon. Phillip G. Montgomery, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Richard D. Amato, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and John G. Barrett, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Melissa A. Maye, of Yorkville, and J. Brick Van Der Snick and Adam Miller, of Van Der Snick Law Firm, Ltd., of St. Charles, for appellee. |
| Panel | PRESIDING JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices Zenoff and Burke concurred in the judgment and opinion. |

¶ 1      Defendant, Ross E. Raupp, was arrested for driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (a)(2) (West 2018)) on January 12, 2019. The "Law Enforcement Sworn Report" (sworn report) issued to defendant at that time incorrectly listed the notice date and the breath-test date as January 12, 1996. However, January 12, 2019, was listed as the arrest date and the date the officer certified that the statements in the sworn report were correct. Before the Secretary of State (Secretary) suspended defendant's driving privileges, an amended sworn report was prepared. The amended sworn report listed the arrest date and the test date as January 12, 2019. Although the notice date and the certification date were listed as January 22, 2019, the amended sworn report was not mailed until January 23, 2019. The Secretary sent defendant confirmation that his driving privileges would be suspended beginning March 9, 2019. This was 56 days after defendant was given the original sworn report and 45 days, not 46 days, after the amended sworn report was placed in the United States mail. See *id.* § 11-501.1(g). Defendant moved to strike and dismiss the statutory summary suspension of his driving privileges on the ground that the amended sworn report was defective. The trial court granted defendant's motion and rescinded the statutory summary suspension of his driving privileges. The State timely appeals. For the reasons that follow, we reverse.

¶ 2                          I. BACKGROUND

¶ 3      Officer Sean Conlon arrested defendant for DUI on January 12, 2019, at 3 a.m. At that time, he filled out a preprinted sworn report form that he gave to defendant. The form asked for, among other things, defendant's driver's license number, name, address, and birthdate. Conlon listed defendant's birthdate as "7-19-1996." Directly beneath the birthdate on the form was a place for the officer to list the date that "Notice of Summary Suspension/Revocation [was] Given On." Conlon mistakenly listed "01/12/1996" as the date defendant was given notice. Next to the notice date was a place for the officer to indicate the date that defendant "Refus[ed testing] or Test Date." Conlon again mistakenly listed "01/12/1996" as the date defendant submitted to a breath test. Above this date was a place for the officer to list the date defendant was arrested. Conlon correctly listed defendant's arrest date as "01/12/2019." Underneath all of this information, the form indicated that "[t]he suspension/revocation shall take effect on the 46th day following issuance of this notice." Towards the bottom of the form, Conlon checked the box next to "Served Immediate Notice of Summary Suspension/ Revocation of driving privileges on the above-named person." At the bottom of the form was a place for Conlon to certify that everything in the sworn report was correct. Conlon wrote "1/12/2019" in the date section for this certification.

¶ 4      On January 22, 2019, Conlon reported to work at 6 p.m. In his mail was notice from the Secretary advising him that there were mistakes on the sworn report. These mistakes concerned listing 1996 as the year that notice was given and testing was done. Conlon prepared an amended sworn report that changed the year in these places to 2019. The amended sworn report also changed the date notice was given to "01/22/2019," indicated that notice was sent by United States mail, and listed the amended report's certification date as "01/22/2019." In all other relevant respects, the amended sworn report was identical to the first sworn report.

¶ 5 Conlon placed the amended sworn report in a sealed envelope that he addressed to defendant.[1] He then placed it on an outgoing mail shelf in the patrol room between 7 p.m. and 9 p.m. Pursuant to the police department's standard operating procedure, mail placed on this shelf is picked up the following day by the secretaries, who affix postage on the mail and mail it. The postmark on the amended report showed that it was mailed January 23, 2019.

¶ 6 Thereafter, defendant received a letter from the Secretary. The letter indicated that the summary suspension of defendant's driving privileges would go into effect on March 9, 2019. This was 45 days after January 23, 2019 (the date the amended sworn report was mailed) and 56 days after January 12, 2019 (the date the original sworn report was given to defendant).

¶ 7 After hearing arguments, the trial court rescinded the statutory summary suspension of defendant's driving privileges. In doing so, the court found that defendant was given improper notice on January 12, 2019, because defendant's birth year was transposed in the date sections for "Notice of Summary Suspension/Revocation Given On" and "Refusal or Test Date." The court found that, although the amended sworn report fixed these errors, it listed the date notice was given as January 22, 2019, when, in fact, notice was given on January 23, 2019, when the amended sworn report was mailed. The Secretary used January 23, 2019, to confirm defendant's suspension, and this resulted in defendant's driving privileges being suspended 45 days, rather than the statutorily mandated 46 days (see *id.*), after defendant was issued the amended sworn report.

¶ 8                                        II. ANALYSIS

¶ 9 At issue in this appeal is whether the statutory summary suspension of defendant's driving privileges should have been rescinded. Although we generally employ a bifurcated standard of review in assessing a trial court's ruling on a petition to rescind the suspension of a defendant's driving privileges, we consider the issue raised here *de novo*, as the facts are not in dispute. *People v. McLeer*, 2015 IL App (2d) 140526, ¶ 7.

¶ 10 Section 11-501.1 of the Illinois Vehicle Code (625 ILCS 5/11-501.1 (West 2018)) addresses the statutory summary suspension of a motorist's driving privileges. It provides that motorists driving on public highways in Illinois consent to chemical testing to determine the motorist's blood-alcohol concentration. *Id.* § 11-501.1(a). When an officer has probable cause to believe that a motorist is under the influence of alcohol, the officer shall request that the motorist submit to a chemical test. *Id.* The officer must warn the motorist that, among other things, submitting to testing that discloses a blood-alcohol concentration in excess of the legal limit will result in the statutory summary suspension of the motorist's driving privileges. *Id.* § 11-501.1(c). If the motorist fails the test, the officer submits a sworn report so stating to the circuit court of venue and the Secretary (*id.* § 11-501.1(d)) and serves notice of the statutory summary suspension on the motorist (*id.* § 11-501.1(f)).[2] The Secretary confirms the suspension by mailing the motorist notice of the effective date of the suspension (*id.* § 11-501.1(h)), which is the forty-sixth day following the date that the officer served the motorist with notice (*id.* § 11-501.1(g)). If the officer forwards a defective sworn report to the Secretary,

---

[1]The record does not indicate whether the amended sworn report was also given to the Secretary and the trial court. 625 ILCS 5/11-501.1(d), (h) (West 2018).

[2]Nothing in the record indicates that defendant's notice was something other than the sworn report. See *City of Highland Park v. Bryan*, 2019 IL App (2d) 180662, ¶ 19.

- 3 -

the Secretary does not confirm the suspension but remits the defective report to the court of venue and copies the issuing agency, explaining the reasons for the deficiency. *Id.* § 11-501.1(h).

¶ 11 At issue here is whether the original sworn report was fatally defective such that the amended sworn report served as defendant's notice that his driving privileges would be summarily suspended. A defect in a sworn report is defined as "one that contains insufficient information from which to issue a suspension or one that was completed in error." *McLeer*, 2015 IL App (2d) 140526, ¶ 10. "Accordingly, errors in the sworn report that do not prevent the Secretary from confirming the suspension are not fatal and will result in the denial of the defendant's petition to rescind." *Id.* The mere fact that the Secretary sends the sworn report back to the arresting officer is not dispositive of whether the report was defective for purposes of the statutory summary suspension law. See *id.* ¶ 15. Rather, courts must consider whether the information on the sworn report *would have* allowed the Secretary to confirm the suspension, not whether the Secretary *actually* confirmed the suspension based on the information in the sworn report. See *id.*

¶ 12 Here, we conclude that the original sworn report was not fatally defective. The year for the "Notice of Summary Suspension/Revocation Given On" and "Refusal or Test Date" was wrong, but the incorrect year happened to be the same year defendant was born, and his date of birth was written right above the notice date, which was next to the test date. Despite the obvious scrivener's error, the Secretary had enough information to confirm the suspension of defendant's driving privileges. See *People v. Wyzgowski*, 323 Ill. App. 3d 604, 607 (2001) (sworn report not fatally defective because, although arrest date was wrong, all other dates were correct and the sworn report indicated that immediate notice was served on the defendant).

¶ 13 Although neither the parties nor this court has found any authority explicitly requiring that the sworn report must be *reasonably interpreted*, we believe that that is precisely how the original sworn report should have been construed here. Obviously, notice was not given to defendant and defendant did not submit to testing on January 12, 1996, because, among other reasons, this was six months before defendant was even born. The year was incorrect on parts of the sworn report, which may have raised suspicions about whether the month and day for those dates was also incorrect. However, the arrest date and the certification date listed the same month and day as the notice and test date. This consistency supported, rather than undermined, the conclusion that defendant was given notice on January 12, 2019.

¶ 14 Defendant claims that, because the original sworn report was defective, it became a nullity. We disagree. Even assuming that the original sworn report did not contain sufficient information for the Secretary to confirm the summary suspension of defendant's driving privileges, defendant received notice of his suspension on January 12, 2019. That notice was unaffected by whether the Secretary had sufficient information to confirm defendant's suspension. See *City of Highland Park v. Bryan*, 2019 IL App (2d) 180662, ¶ 19 (notice of suspension and sworn report are separate and distinct); *In re Summary Suspension of Driver's License of Rankers*, 187 Ill. App. 3d 27, 35 (1989) (officer merely gives notice of suspension while Secretary suspends a defendant's privilege to drive). Because the Secretary confirmed defendant's suspension more than 46 days after defendant originally received notice, the summary suspension of defendant's driving privileges should not have been rescinded. See 625 ILCS 5/11-501.1(g) (West 2018); see also *People v. O'Neil*, 329 Ill. App. 3d 213, 215-17

(2002) (the defendant's due process rights not affected when Secretary confirmed the suspension of the defendant's driving privileges more than five months after the defendant received notice that his driving privileges would be suspended 46 days after his arrest).

¶ 15 In reaching this conclusion, we certainly do not condone the sloppy police work shown here. However, as our supreme court has made clear, the summary suspension laws should be liberally construed to foster the legislature's clear purpose of promoting safety on the roads. *People v. Badoud*, 122 Ill. 2d 50, 60 (1988). The obvious scrivener's errors in the original sworn report, when viewed in light of the entire original sworn report, did not constitute a fatal defect. To conclude otherwise would thwart the legislature's express purpose and elevate form over substance. See *id.* This is something we will not do.

¶ 16                                     III. CONCLUSION
¶ 17 For these reasons, the judgment of the circuit court of De Kalb County is reversed.

¶ 18 Reversed.